SILZ v. UNITED STATES (two cases).

(Circuit Court, S. D. New York.  February 15, 1909.)

Nos. 5,188, 5,191.

CUSTOMS DUTIES (§ 30*)—CLASSIFICATION—"POULTRY"—GUINEA FOWL—TUR-
KEYS—"BIRDS AND LAND FOWLS."

Guinea fowl and turkeys, that are not shown to have been in a wild
state, are classifiable as "poultry," under Tariff Act July 24, 1897, c. 11,
§ 1, Schedule G, par. 278, 30 Stat. 172 (U. S. Comp. St. 1901, p. 1652),
rather than as "birds and land * * * fowls," under section 2, Free
List, par. 494, 30 Stat. 196 (U. S. Comp. St. 1901, p. 1681).

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 30.*

For other definitions, see Words and Phrases, vol. 6, p. 5476.]

On Application for Review of Decisions by the Board of United
States General Appraisers.

The decisions below affirmed the assessment of duty by the collector
of customs at the port of New York.  One of the opinions filed by
the board (G. A. 6,701, T. D. 28,652) reads in part as follows:

WAITE, General Appraiser.  The importations in these cases consist of
guinea fowls [and] turkeys. * * * They were sold and the invoices were
made out in London.  It is claimed by the importer that they were primarily
shipped from Italy.  They were passed at this port as "poultry," under
Tariff Act July 24, 1897, c. 11, § 1, Schedule G, par. 278, 30 Stat. 172 (U. S.
Comp. St. 1901, p. 1652), which is as follows: "278. Poultry, live, three cents
per pound; dressed, five cents per pound." It is claimed by the importer
that they are free, under section 2, Free List, par. 494, 30 Stat. 196 (U. S.
Comp. St. 1901, p. 1681), which reads: "494. Birds and land and water
fowls." In other words, the importer claims they are game birds, caught
or killed in their wild state.  The burden is therefore upon him to show
that fact.

We think it can be safely said, from a careful perusal of the testimony that
all there is to support that contention is the fact that they are treated and
handled as game.  The guinea hen is a well-known barnyard fowl in this
country, as is also the turkey.  It is asserted by the government, and undis-
puted, that the turkey is a native of North and Central America, and the
guinea hen of Western Africa, * * * from which it appears that no
one of the birds in question is a native of Italy.  The presumption, therefore,
is very strong that if they are imported from Italy they must have been
domesticated there.  At all events, there is nothing to show that they were
taken there and bred in a wild state, and it is difficult to believe that there
are places in Italy where such large quantities of these domestic birds,
especially the guinea hen and turkey, can be procured in a wild state.  We
have held that some wild blood and wild characteristics do not remove from
the class of poultry what is known as an ordinary barnyard fowl.  G. A.
6,646 (T. D. 28,345).  The importer relies merely upon his examination of
the dead bodies of these birds in determining whether they are game, classi-
fiable under paragraph 494, or poultry, provided for in paragraph 278.  This
examination of the feathers and flesh was made while the birds were being
handled on their arrival, and was, we think, somewhat cursory, even if the
question could be determined by such inspection of the birds.  Upon this point
the testimony is conflicting.

The protests are confined to the claim above stated.  There might be some
question as to whether poultry in the condition of that imported was
dressed, or, if the similitude clause be invoked, whether the merchandise re-
sembles more closely the live poultry than the dressed poultry provided for
in paragraph 278.  This, however, we do not deem it necessary to decide,

inasmuch as the overruling of the protests will leave the decision of the collector to govern in these cases. * * * The protests are therefore * * * overruled as to the guinea fowls and turkeys. * * *

We therefore find * * * (2) that the proof offered by the importer does not show that the birds were wild, or that they were caught or procured in a wild state, or, in fact, where they were originally obtained; (3) that the guinea fowls and turkeys are dutiable under paragraph 278 as "poultry."

D. Macon Webster, for importer.

D. Frank Lloyd, Asst. U. S. Atty.

HOLT, District Judge. Affirmed, on decision of board.